IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID WAYNE MATTHEWS,

            Plaintiff,

vs.                                                       Case No. 05-4033-RDR

YMCA, *the Topeka, Kansas Branches*, et al.,

            Defendants.

### **ORDER**

This matter comes before the court upon defendants' motion to compel (Doc. 14), seeking an order compelling plaintiff to provide his Fed. R. Civ. P. 26(a)(1) disclosures. Plaintiff has not filed any response to defendants' motion and the time to do so has now expired.[1] Pursuant to D. Kan. Rule 7.4, the court ordinarily treats a motion, to which no timely response is filed, as uncontested and grants the motion without any further notice.[2] The court has reviewed defendants' motion and is now prepared to rule.

---

[1] *See* D. Kan. Rule 6.1(d)(1) ("Responses to nondispositive motions. . . shall be filed and served within 14 days.").

[2] D. Kan. Rule 7.4 provides in relevant part:

> The failure to file a brief or response within the time specified within Rule 6.1(d) shall constitute a waiver fo the right thereafter to file such a brief or response, except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.

Fed. R. 26(a)(1) provides the following with regard to the initial disclosures a party must make in a civil action in federal court:

> Initial Disclosures. Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:
>
> (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;
>
> (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;
>
> (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

On June 1, 2005, the court conducted a scheduling conference with the parties by telephone.[3] Plaintiff participated in the scheduling conference *pro se*.[4] During the scheduling conference, the parties agreed that they would exchange their Rule 26(a)(1) disclosures, and exchange copies of any documents

---

[3] Minute Entry (Doc. 8).

[4] *See* Scheduling Order (Doc. 9), at p. 1.

referenced within those disclosures, by June 15, 2005. The court memorialized the parties agreed date for exchange of disclosures in the Scheduling Order it entered in this case on June 1, 2005.[5]

Defendants served their initial disclosures upon plaintiff on June 15, 2005, in complaince with the Scheduling Order-deadline.[6] Defendants report that, on June 13, 2005, plaintiff served a three-page document upon defendants that contained none of the information required by Rule 26(a)(1).[7] When defendants spoke to plaintiff about the inadequacies of this document by telephone on June 15, 2005, plaintiff reportedly instructed defense counsel to discard the document if it was not of any use, informed defense counsel that he would provide a list of disclosures that complied with the rule, and then hung-up on defense counsel.[8] Defendants report speaking further with plaintiff about his initial disclosures by telephone on June 21, 2005, when plaintiff reportedly accused defense counsel of making-up rules, stated that he had character witnesses that he would disclose at a later time, and hung-up on defense counsel.[9] Defendants also report sending correspondence to plaintiff regarding his need to provide initial disclosures on June 21, 2005, July 1, 2005, and July 12, 2005, without any response or result.[10]

As noted above, plaintiff has not filed any response to defendants' motion. As a result, the court is left without any explanation for plaintiff's failure to make his initial disclosures and can only conclude that

---

[5] Doc. 9, at p. 4.

[6] *See* Certificate of Compliance (Doc. 10).

[7] *See* Untitled Document *attached as* Ex. B to Motion to Compel (Doc. 14).

[8] Motion to Compel (Doc. 14), at ¶¶ 5-7.

[9] *Id.* at ¶¶ 8-10.

[10] *Id.* at ¶¶ 11-18.

he is in violation of the Scheduling Order (Doc. 9) and Fed. R. Civ. P. 26. As such, the court will grant defendants' motion and order that plaintiff provide his initial disclosures to defendants immediately.

Defendants have not requested that the court sanction plaintiff for his failure to provide his initial disclosures, and the court will not impose any sanctions at this time. **While the court declines to order sanctions against the plaintiff at this time, plaintiff should be aware that defendants may seek sanctions should the plaintiff fail to comply with this, or any, order of the court, or with his discovery obligations under the Federal Rules of Civil Procedure in the future. The court warns the plaintiff that any such noncompliance may result in the imposition of stern sanctions, including, but not limited to, an award of defendant's attorneys fees and dismissal of the case with prejudice.**

**IT IS THEREFORE ORDERED** that defendants' motion to compel (Doc. 14) is hereby granted.

**IT IS FURTHER ORDERED** that plaintiff shall provide defendants with his initial disclosures as required by Fed. R. Civ. P. 26(a)(1) on or before **August 24, 2005**.

**IT IS SO ORDERED.**

Dated this 16th day of August, 2005, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
