IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DAVID WAYNE MATTHEWS,

        Plaintiff,

Vs.                                                                                         No. 05-4033-SAC

YMCA, and LEN McROBERTS,

        Defendants.


MEMORANDUM AND ORDER

This case comes before the court on the defendants' motion to dismiss for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.[1] Dk. 17, p. 1. Defendants summarily contend that accepting all of plaintiff's allegations as true, no federal question is alleged in or can be inferred from the complaint.

When the time expired under the local rule for filing a response, the

---

[1] Although defendants mention both these grounds in their introductory remarks, their supporting statements refer solely to lack of subject matter jurisdiction. The court thus examines the allegation of failure to state a claim for relief only as it relates to the existence, or lack thereof, of subject matter jurisdiction.

court ordered the pro se plaintiff to show cause why the court should not consider and decide the defendant's motion as uncontested. Plaintiff timely responded to the show cause order with a pleading which references various statutes and legal theories upon which he apparently asserts subject matter jurisdiction is based, but fails to show good cause for his previous failure to timely respond to the motion to dismiss.

### Subject matter jurisdiction

Federal courts are courts of limited jurisdiction, so may exercise jurisdiction only when specifically authorized to do so. *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994). Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim for lack of subject matter jurisdiction. Upon a defendant's Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of proving jurisdiction. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991), *cert. denied*, 503 U.S. 984 (1992).

Rule 12(b)(1) attacks on subject matter jurisdiction are typically either facial attacks on the sufficiency of jurisdictional allegations or factual attacks on the accuracy of those allegations. *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). A facial attack questions the sufficiency of the allegations in the

complaint as they relate to subject matter jurisdiction.  *See Holt,* 46 F.3d at 1002.  In reviewing a facial attack on the complaint, the court must accept all allegations in the complaint as true.  *Id.*

The court is aware that plaintiff is acting pro se.  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993).  "At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."  *Hall*, 935 F.2d at 1110.  Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint."  *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173- 74 (10th Cir. 1997).

### Plaintiff's complaint

The statement of claim in plaintiff's complaint states that plaintiff is a disabled African American who was a temporary member of the YMCA and a member of the Elite Fitness Club.  He alleges that false and unfounded hearsay statements were made about him which led to his being permanently banned from YMCA membership, without any warnings about his behavior and without a just

hearing in which to defend his name, reputation, and cultural citizenship. Dk. 1, pp. 3, 5, 6.[2]

Attached to plaintiff's complaint is a letter from the YMCA's membership director, defendant McRoberts, dated July 28, 2004, which states:

> It has come to our attention that recently in your interactions with other members you have demonstrated rude, disrespectful, and very ungentlemanly behavior. Lurid comments regarding another person's anatomy are totally inappropriate at the YMCA.
> We expect YMCA members and guests to demonstrate and support our four core values of caring, honesty, responsibility, and respect. Thus, allowing all members to feel welcomed and comfortable in our facilities.
> In view of the incidents reported involving your behavior, it is necessary to immediately terminate your YMCA membership, and your membership card will no longer be honored at any branch.

Dk. 1, p. 8.

Plaintiff completed three jurisdictional sections on the civil complaint form. The first asserts diversity jurisdiction, but because the complaint shows that plaintiff and all defendants are citizens of the state of Kansas, no diversity jurisdiction can be established. *See* 28 U.S.C. § 1332.

A separate basis for jurisdiction, under the form's provision for "other grounds," states:

---

[2]Plaintiff makes other allegations which are not relevant to subject matter jurisdiction, such as that he was injured or infected by various unsanitary conditions or items at the YMCA. Dk. 1, p. 3, 6, 7.

> (Customer Challenge) I D.W. Matthews, the Membership & customer, am challenging the (Y's) Ruling of permEntly Banning me as an Member, that's base solely Upon here-says & unproving false statements by the UNKnown accusers.

Dk. 1, p. 3 (as written). Despite the fact that the form required plaintiff to "specify and state any statute which gives rise to such grounds," plaintiff specified no statute. Because plaintiff failed to specify any statute in support of this ground and his statement above alludes to none, the court finds this attempt to invoke jurisdiction to be insufficient.

Plaintiff also asserted jurisdiction under 28 U.S.C. § 1343, alleging this case arises because of a violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States. This statute creates no independent substantive cause of action, but is "a jurisdictional statute that provides the federal courts with subject-matter jurisdiction to hear a civil rights conspiracy claim under 42 U.S.C. § 1985, a claim for deprivation of one's civil rights under color of state law, or a claim for violation of any Act of Congress providing for the protection of civil rights. *See* 28 U.S.C. § 1343(a)(1)-(4)." *Lewis ex rel. Lewis v. Stevenson*, 123 Fed. Appx. 885, 886 (10th Cir. 2005). If jurisdiction exists in this case, it is pursuant to this statute.

**Section 1343 jurisdiction**

A mere assertion that defendants violated one's civil rights is not sufficient to demonstrate that the district court has jurisdiction under this statute. *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988). "The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." *Penteco Corp. Ltd. P'ship--1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (quotation omitted). Mere conclusory allegations of jurisdiction are not enough. *Id. See Lewis ex rel. Lewis v. Stevenson*, 123 Fed. Appx. 885, 887 (10th Cir. 2005). Federal jurisdiction requires that a party assert a substantial federal claim. *Hagans v. Lavine*, 415 U.S. 528, 536 (1974).

### Analysis

### Procedural due process

In claiming that defendants deprived him of his YMCA membership without notice and a hearing, plaintiff may arguably be bringing a procedural due process claim pursuant to § 1983. The essence of procedural due process is notice of the charges and an opportunity to be heard. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). "To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United

States." *Pino v. Higgs*, 75 F.3d 1461, 1464 (10th Cir. 1996) (quoting 42 U.S.C. § 1983)). Both of these elements are essential to a § 1983 claim. *See Polk County v. Dodson*, 454 U.S. 312, 315 (1981); *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

However, not all interests are entitled to the protections of due process.

> ... a due process violation cannot occur unless a [person] has been deprived of a constitutionally-protected property or liberty interest. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972) ("The requirements of due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.")

*Hunter v. Ortiz,* 125 Fed. Appx. 241, 243 (10th Cir. 2005). The court first examines whether plaintiff has alleged a deprivation of a property or liberty interest protected by law.

### Property interest

To establish a property interest, a plaintiff must demonstrate "a legitimate claim of entitlement" arising from "an independent source such as state law." *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). "[M]embership in a voluntary association is generally viewed as a privilege that may be withheld not as a right that may be independently enforced." *Capano v. Wilmington Country Club*, No. 18037-NC, slip op. at 4 (Del. Ch. Nov. 1, 2001). Thus, in other

7

contexts, courts have found no protected property interest in one's membership in voluntary associations. *See e.g., Ehart v. Odessa Fire Co.*, 2005 WL 348311, *5 n.7 (D. Del. 2005) (finding de minimis property interest in benefits such as training, workers'compensation, or social status by virtue of one's voluntary membership in a fire company did not entitle plaintiff to the constitutional requirements of due process); *Moore v. Middlebrook,* 96 Fed. Appx. 634 (10th Cir. 2004) (finding physician did not possess a protected property interest in continued public hospital staff membership so was not entitled to due process prior to the suspension of membership); *Albach v. Odle*, 531 F.2d 983, 985 (10th Cir. 1976) (finding separate components of the educational process, such as participation in athletics and membership in school clubs, did not create a property interest subject to constitutional protection, although "public education" is a constitutionally protected property interest); *Society for Savings v. Bowers*, 349 U.S. 143, 150 (1955) (holding membership interests in a mutual company are contingencies that "hardly rise to the level of an expectancy" and are too insubstantial to merit constitutional protection.); *Dorfmont v. Brown*, 913 F.2d 1399 (9th Cir. 1990), *cert. denied*, 499 U.S. 905 (1991) (finding no cognizable liberty or property interest in a security clearance that could give rise to a due process claim). Plaintiff has not alleged that under the governing law he had a protected property interest in continued YMCA

membership.

## Liberty interest

Read broadly, allegations in plaintiff's complaint include that false hearsay statements were made which damaged his name, reputation, and cultural citizenship. No § 1983 claim may lie for defamation ,however, unless a plaintiff shows that defendant's statements stigmatized or otherwise damaged his reputation and that the reputational damage was entangled with some other tangible interest, such as employment. *Drake v. Colorado State University*, 161 F.3d 17, 1998 WL 614474, *6 (10th Cir. 1998) (internal quotations and citations omitted). Plaintiff has not alleged any damage to his existing employment or any other tangible interest recognized by law. *Compare  Setliff v. Memorial Hosp. of Sheridan County*, 850 F.2d 1384, 1397 n. 18 (10th Cir. 1988); (finding insufficient deprivation where stigma caused only intangible loss of "prospective employment possibilities."), *with Corbitt v. Andersen*, 778 F.2d 1471 (10th Cir. 1985) (finding sufficient deprivation of constitutional rights because a stigma had been attached to him that caused losses to the "tangible interest" of his existing practice). Being permanently banned from YMCA membership and having false statements made about one's name, reputation, and cultural citizenship do not implicate either a protected liberty or property interest.

## State action

Even if plaintiff had shown a protected property or liberty interest, plaintiff would have to meet section 1343's state action requirement.

> To establish subject matter jurisdiction under § 1343, the plaintiff must show that the defendant acted "under color of any state law." *See* 28 U.S.C. § 1343(3).  To satisfy the state action requirement, "the party charged with the deprivation must be a person who may fairly be said to be a state actor ... because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.*, *Inc.*, 457 U.S. 922, 937 (1982) (holding that a private party did not act under color of state law in a prejudgment attachment of the debtor's property if the creditor acted contrary to state policy); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974) (explaining that private action supports a § 1983 claim only if it "may be fairly treated as that of the State itself"); *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) (noting that private action must be "fairly attributable to the state").

*Elliott v. Chrysler Financial*, 2005 WL 2114181, *1 (10th Cir. 2005).

Plaintiff has not alleged that either defendant is a state actor for purposes of § 1983, and it is not clear from the YMCA's mere presence as a named defendant that the YMCA is a state actor. *See Freeman v. Helldoerfer,* 208 F.3d 213, 2000 WL 125885, *2 (6th Cir. 2000) (finding YMCA to be a "private entity" and not a state actor, as required for liability under 42 U.S.C. § 1983); *but see, Smith v. Young Men's Christian Ass'n of Montgomery, Inc*., 462 F.2d 634 (5th Cir. 1972) (finding YMCA to be a state actor when refusing applications for day


camp on basis of race for purposes of § 1983, under facts stated).

Thus, even assuming that plaintiff purports to bring a claim under § 1983, he has not identified a federal right that defendants invaded, and has not alleged facts showing that defendants acted under color of state law.  Therefore, a § 1983 claim cannot support the district court's exercise of federal jurisdiction over plaintiff's lawsuit.

### Discrimination

Plaintiff's complaint alleges that he is disabled and that he is an African American.  But his complaint fails to allege that the defendants committed any acts based upon defendant's race or upon defendant's unspecified disability or had discriminatory intent in any of their acts, as is required for liability under statutes other than § 1983 which could arguably be supported by the complaint and for which § 1343 provides a jurisdictional basis. *See  Fisher v. Shamburg*, 624 F.2d 156, 159-161 (10th Cir. 1980) (§ 1985 racially-motivated deprivations of public accommodation require discriminatory animus); *Taylor v. Nichols*, 558 F.2d 561, 568 (10th Cir. 1977) (§ 1986 claims not valid where there is no valid claim under § 1985); *Roe ex rel. Roe v. Keady,* 329 F.3d 1188, 1192 (10th Cir. 2003) (§ 1981 claims require purposeful discrimination); *Travelers Cas. and Sur. Co. of Illinois v. Rage Administrative and Marketing Services, Inc*., 42 F. Supp. 2d

1159, 1167 (D. Kan. 1999) (§ 2000a race-based denials of public accommodation require intentional discrimination or discriminatory animus).

The court has most liberally construed plaintiff's complaint and has given all benefit of the doubt to plaintiff. Nonetheless, the court is compelled to grant the motion to dismiss because the allegations of the complaint do not present a substantial federal claim for which § 1343 or any other statute provides subject-matter jurisdiction. Accordingly, the court shall dismiss plaintiffs' lawsuit without prejudice.. *See Olsen v. Aebersold,* 71 Fed. Appx. 7, 9 -10 (10th Cir. 2003).

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Dk. 17) for lack of subject matter jurisdiction is granted and plaintiff's case is dismissed without prejudice.

Dated this 19th day of October, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge